```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Olu Victor Alonge,
      Petitioner

      v.                                Case No. 23-cv-564-SM-AJ
                                        Opinion No. 2024 DNH 076
Warden, FCI Berlin,
      Respondent
```

**O R D E R**

In October of 2019, the United States District Court for the Northern District of Georgia sentenced the petitioner, Olu Victor Alonge, to serve 120 months in prison for wire fraud. Based upon accrued and anticipated good conduct time, Alonge's projected release date is October 6, 2026. He is subject to an ICE detainer but he is not currently subject to a final order of removal.

In December of 2023, while he was an inmate at FCI Berlin, Alonge learned that the Bureau of Prisons planned to transfer him to the Federal Correctional Institution in Victorville, California, so he could be enrolled in the BOP's "Institutional Hearing Program." That program "identifies federal inmates who

may be removable from the United States and initiates their removal proceedings before an immigration judge.  Bringing immigration judges to these inmates for a determination of their removability allows their immigration case to be resolved prior to their release from federal prison."  U.S. Dept. of Justice, Exec. Office for Immigration Review, Fact Sheet, (Jan. 2018) (emphasis supplied).  See also BOP Program Statement 5111.04 CN-1 (May 23, 2017) (outlining the purpose, scope, and procedures of the Institutional Hearing Program).  See generally Demore v. Kim, 538 U.S. 510, 531, n.13 (2003) ("Congress has directed the INS to identify and track deportable criminal aliens while they are still in the criminal justice system, and to complete removal proceedings against them as promptly as possible.  The INS therefore established the Institutional Hearing Program.") (citations omitted).

Upon learning of his impending transfer, Alonge filed the pending petition for habeas relief.  It in, he asserts that his transfer to FCI Victorville and enrollment in the Institutional Hearing Program would violate the terms of his sentence and various constitutionally protected rights.  He also claims it would deprive him of time credits he properly accrued under the First Step Act.  As respondent, Alonge named his then-current custodian, the warden of FCI Berlin.

Within days of filing that petition, however, Alonge was transferred to FCI Victorville, at which point his custodian became the Warden of that facility.  Because the named respondent - the Warden of FCI Berlin - is no longer Alonge's custodian, the government says this court lacks jurisdiction to resolve Alonge's petition and it must be dismissed.  See 28 U.S.C. § 2242 (providing that a petitioner seeking a writ of habeas corpus shall name as respondent "the person who has custody over him").  See generally Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

The "default rule" discussed in Padilla is, however, subject to at least one exception.  It is implicated when an inmate is transferred out of the district after having properly filed a petition for habeas relief.  This court has discussed that exception at length and it need not be repeated.  The point is this: a district court need not dismiss a section 2241 habeas petition upon the petitioner's transfer, so long as jurisdiction properly attached in the first instance and provided the Bureau

3

of Prisons, operating through the respondent Warden in his official capacity, remains present in the district. See Cummings v. Warden, FCI Berlin, No. 22-cv-468-SM-AJ, 2024 WL 1256068, at *3-4 (D.N.H. Mar. 25, 2024) (collecting cases, including opinions from the Third, Seventh, Ninth, and Tenth Circuits); see also Fox v. Warden, FCI Berlin, No. 21-cv-158-SE, 2022 DNH 051, 2022 WL 1085311 (D.N.H. Apr. 11, 2022); Jones v. FCI Berlin, No. 21-cv-767-SE, 2023 DNH 019, 2023 WL 2186459 (D.N.H. Feb. 22, 2023); see generally Ex parte Endo, 323 U.S. 283, 304-06 (1944) (holding that when the government transferred a habeas petitioner after she properly filed a petition naming her immediate custodian, the district court retained jurisdiction to issue a writ of habeas corpus to a respondent in its jurisdiction who had the legal authority to effectuate the petitioner's release).

Because Alonge filed his petition prior to his transfer out of this district and properly named his then-current custodian, the court retains jurisdiction to resolve that petition. Turning to the merits of Alonge's claims, however, it is plain that he is not entitled to any of the relief he seeks. According to Alonge, the sentence imposed upon him provided that, "Upon the completion of the imposed term of imprisonment and release from the custody of the BOP, Petitioner [shall] be

4

turned over to immigration for removal proceedings." Alonge claims that if the BOP were to enroll him in the Institutional Hearing Program <u>before</u> he completes his term of incarceration, it would contravene the express terms of his sentence, violate various constitutionally protected rights, and strip him of certain benefits he has accrued under the First Step Act. The court disagrees.

Alonge's participation in the Program will simply allow the government to resolve his immigration status and determine whether, at the completion of his sentence, he is or is not subject to deportation. Nothing in Alonge's petition suggests that such participation will unlawfully (or unconstitutionally) affect the duration of his incarceration, or that it will adversely affect his ability to apply properly accrued time credits earned under the First Step Act. That is to say, if Alonge is legally entitled to earn and apply time credits to his sentence, he will be allowed to do so notwithstanding his transfer. <u>See generally</u> 18 U.S.C.A. § 3632(d)(4). Indeed, Alonge's enrollment in the Institutional Hearing Program is entirely consistent with the First Step Act, which provides that, "The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien . . . who seeks to earn time credits [is] subject to [immigration]

5

proceedings . . . at a date as early as practicable <u>during the prisoner's incarceration</u>."  18 U.S.C. § 3632(d)(4)(E)(ii) (emphasis supplied).

## Conclusion

For the foregoing reasons, Alonge's Petition and Emergency Motion for Injunctive Relief (**document no. 1**) fails to set forth any viable claims for relief.  It is, therefore, denied and the government's motion to dismiss (**document no. 5**) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 13, 2024

cc:  Olu Victor Alonge, pro se
     Terry L. Ollila, Esq.